B 2100A Form (2100A) (12/15)

# United States Bankruptcy Court

NORTHERN DISTRICT OF INDIANA

In Re:  
THOMAS EDWARD ROWE

Case No. 1412481

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE, or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

PRA Receivables Management, LLC., as agent of  
Portfolio Recovery Associates, LLC  
-------------------------------------------  
Name of Transferee

Ally Bank serviced by Ally Servicing LLC  
-------------------------------------------  
Name of Transferor

Name and Address where notices to transferee  
should be sent:  
Portfolio Recovery Associates, LLC  
POB 41067  
Norfolk, VA 23541

Court Claim # (if known): 1  
Amount of Claim: $11,401.19  
Date Claim Filed: 10/07/2014

Phone: (877)829-8298  
Last Four Digits of Acct # :  9000

Phone:  
Last Four Digits of Acct #: 9000

Name and Address where transferee payments  
Should be sent (if different from above)  
Portfolio Recovery Associates, LLC  
POB 12914  
Norfolk, VA 23541

Seller Information  
ALLY BANK  
PO BOX 130424  
Roseville MN 55113

Phone: (877)829-8298  
Last Four Digits of Acct # : 9000

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Victor Munson  
    -------------------------------------------  
    Transferee/Transferee's Agent  
Email: Bankruptcy_Info@portfoliorecovery.com

Date: 4/21/2017

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

**EXHIBIT B**

**BILL OF SALE AND ASSIGNMENT OF RECVEIVABLES**
**and Waiver of Notice under FRBP 3001 (e) (2)**

The undersigned Assignor ("Assignor") on and as of the date hereof hereby absolutely sells, transfers, assigns, and conveys to Portfolio Recovery Associates_____ a Limited Liability Company_____
_____organized under the laws of Delaware_____("Assignee"), with limited recourse, subject to Buyer's repurchase rights as set forth in Sections 4.1 and 4.2 of the Bankruptcy Receivables Purchase Agreement pursuant to which the Receivables are being sold, all of Assignor's right, title and interest in and to each of the retail installment sale contracts identified in the schedule as the Assignor's retail installment sale contracts ("Receivable Schedule") attached hereto (the "Receivables"), together with the right to all amount financed, finance charge or other proceeds of any kind with respect to the Receivables remaining due and owing as of the Cut-Off Date applicable to such Receivables as set forth in the Bankruptcy Receivables Purchase Agreement pursuant to which the Receivables are being sold (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Receivables into cash or other liquidated property).

Pursuant to the foregoing assignment, the Seller stipulates that the Buyer may be substituted for the Seller as the valid owner of the Receivables and hereby waives any notice or hearing requirements imposed by Bankruptcy Rule 3001 (e) (2) related to the transfer of the Receivables.

Dated:        March 31, 2017

SELLER:
Ally Bank

By: _____
Name: Christopher A. Halmy
Title: Chief Financial Officer